No. 705.—SUCCESSION OF JOHN M. RICE, deceased.—Opposition to application for the appointment of Dative Testamentary Executor.

A power of attorney given by a legatee, residing in another State, to collect a legacy, under a testament made in this State, creates a sufficient interest in said agent in the estate of the testator to entitle him to the appointment of dative testamentary executor. A dative executor will be appointed where it is shown that the executors named in the will have failed to qualify and the interest of the legatees require a representative.

APPEAL from the Parish Court of the parish of St. Mary. *Handy,* Parish Judge. *J. G. Oliver & Dumartrait, Gibbon & Wilson,* and *DeBlanc & Perry,* for appellants. *D. Caffrey, pro se,* appellee.

TALIAFERRO, J. This controversy arises from an opposition to the application of the appellee to be appointed dative testamentary executor of the estate of John M. Rice, deceased.

In August, 1860, John M. Rice, a resident of the parish of St. Mary, being temporarily in the State of Ohio and in declining health, made his will and named as his executors John B. Murphy and Joshua Baker. He made by his act of last will various legacies; among the rest, he gave to the children of his brother, William Rice, living in Ohio, one thousand dollars, and ten thousand dollars to the American Colonization Society. The testator died at his residence in the parish of St. Mary, in December, 1860.

Murphy and Baker, named in the testament as executors, presented to the proper court on the fifth of April, 1861, their petition praying that the will of the decedent be probated, executed and letters testamentary delivered to them. This occurred about the outbreak of the late war which caused a general suspension of business in the courts and no further action, it seems, was ever taken by the executors in regard to the will.

Succession of John M. Rice, deceased.    Opposition to application for the appointment of
Dative Testamentary Executor.

In September, 1867, Donelson Caffrey filed his petition in the District Court of the parish of St. Mary setting forth that Murphy, one of the executors, was dead, and that Baker, the other, refused to act. He alleged that he was authorized by William Rice, father of the children, who are legatees under the will, to have the legacy to them of one thousand dollars, paid. He prayed to be appointed dative testamentary executor of the will and for advertisement of his application. An order was rendered for advertising his application. An opposition was filed to this application by Feliciana Tremble, natural tutrix to her minor son, William W. Rice, sole heir at law of the testator, and in this opposition she was joined by her husband, James Todd, co-tutor to the minor. The opposition set up various objections to the will; that it had not been proved; that it did not make proof of itself—not being a noncupative will by public act; that until the will be proved no action could be taken in regard to the appointment of a dative testamentary executor, and that the act purporting to be a will is without any effect until it be established according to the provisions of law. On the thirtieth of October following, Caffrey filed a second petition in which he set forth that subsequently to the filing of his first petition he had become empowered to represent another of the legatees, the American Colonization Society. He prayed for the usual orders relative to the proof, registry and execution of the will, and that the opponents be cited, etc.

The will was duly ordered to be executed and recorded, and letters testame .ary to be delivered to Donelson Caffrey as dative testamentary executor, and the opposition of the tutrix and co-tutor was dismissed at their costs—the costs of proceeding for the probating of the will to be sustained by the succession.

From this judgment the opponents have appealed. A bill of exceptions was taken by the opponents to the admission in evidence of a document copied by the clerk of the Appellate Court of the State of Maryland to be " a true and full copy" of the act of the Legislature of that State incorporating " The American Colonization Society " " as taken from the original law deposited in and belonging to the office of the Court of Appeals aforesaid."

To this certificate is appended that of the Governor of the State certifying the capacity of the clerk, " and, as such, keeper of acts and resolutions of the General Assembly of the State," and that full faith and credit are due and ought to be given to his acts as such. To this certificate is affixed the State seal.

The exception is founded upon the argument that if the clerk of the Court of Appeals is keeper of the original acts of the General Assembly, he is so by virtue of some law, and the law constituting him keeper is the best evidence of the fact. A document is presented pur-

porting to be an exact copy of an act of the General Assembly of the State of Maryland, certified as above stated, and containing upon it the great seal of the State of Maryland. The act of Congress of May 26, 1790, declares "that the acts of the Legislatures of the several States shall be authenticated by having the seal of their respective States affixed thereto." We think in this case there is a sufficient compliance with the law of Congress, and that the objection was properly overruled. The authorization of the Colonization Society to Caffrey to act in its behalf is fully shown. He therefore shows an interest sufficient to entitle him to the dative testamentary executorship of the estate of Rice. We find no opposition to the application by Baker, the person named in the will as one of the executors. There is no other person contending for the office against the applicant. The opponents show no interest in the controversy themselves—more than two years had elapsed between the termination of the war and the filing of the petition of the applicant and this controversy lasted more than a year in the lower court and yet neither of the persons named in the will as executors have come forward to accept and qualify in that capacity. We think the opposition was properly overruled, and that the judgment was correctly rendered.

It is therefore ordered, adjudged and decreed that the judgment of the Parish Court be affirmed with costs in both courts.